# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| SIMON LEE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-01333<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227<br>2. FDCPA, 15 U.S.C. §1692 *et seq*.<br>3. Colo. Rev. Stat. §5-16-101 *et seq*.<br>4. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Simon Lee ("Simon"), by and through his attorneys, alleges the following against Enhanced Recovery Company, LLC ("ERC").

## INTRODUCTION

1.　Count I of Simon's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.　Count II of Simon's Complaint against ERC is based upon the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*. The FDCPA prohibits debt collectors from engaging in abusive debt collection practices against consumers.

3. Count III is based upon the Colorado Fair Debt Collections Practices Act ("CFDCPA"), Colo. Rev. Stat. §5-16-101 *et seq*. The CFDCPA prohibits debt collectors from engaging in abusive debt collection practices against consumers.

4. Count IV of Simon's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1332, 1367, 47 U.S.C. §227, and 15 U.S.C. §1692k(d).

6. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Simon is a citizen of Colorado, and ERC is a citizen of Delaware and Florida.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. ERC transacts business here; therefore, personal jurisdiction is established.

## PARTIES

9. Simon is a natural person residing in Broomfield, CO.

10. Simon is a "consumer" as that term is defined under 15 U.S.C. §1692a(3),

and Colo. Rev. Stat. §5-16-103(5).

11. ERC is a "debt collector" as that term is defined under 15 U.S.C. §1692a(6), and a "collection agency" under Colo. Rev. Stat. §5-16-103(3).

12. ERC's principal place of business is located at 8014 Bayberry Rd., Jacksonville, FL 32256 and can be served at its registered agent c/o Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301.

13. ERC acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

15. In or around August 2019, ERC began placing calls to Simon on his cellular phone number, ending in 1311, in an attempt to collect the alleged debt.

16. On or about August 7, 2019, at 9:04 am, Simon received a call on his cellular telephone from (800) 458-4329. Simon heard an unusually long pause before the agent began to speak, consistent with the use of an automated telephone dialing system.

17. After properly identifying himself, Simon was informed by ERC's

representative that it was attempting to collect a debt.

18. During the call, Simon informed the representative that he was sorry he could not pay because he was going through financial difficulties. Simon also requested for ERC to stop calling him and that any further contact be done by mail.

19. Despite Simon expressly informing ERC not to call him and that he could not pay, ERC began a telephone harassment campaign against him.

20. Between August 7 and October 25, 2019, after Simon revoked consent to be called, ERC called Simon on his cellular phone no less than **FIFTY (50) times.**

21. The calls originated from the numbers (800) 875-4329 and (800) 875-5175. These numbers are owned or operated by ERC.

22. ERC called Simon almost every weekday for nearly three months, including on the weekends.

23. ERC called Simon at all times of the day, from early am to late pm.

24. ERC called Simon on Columbus Day, October 14, 2019.

25. Upon information and belief, ERC has also called or attempted to call and reach out to friends and family of Simon with the intention that they would communicate to Simon that ERC was attempting to collect a debt from him, causing Simon additional embarrassment and distress.

26. ERC would contact friends and family despite knowing Plaintiff's contact information in violation of the FDCPA which only allows debt collectors to communicate

with third parties one time to obtain location information.

27. Upon information and belief, ERC called Simon and delivered prerecorded or artificial voice messages.

28.

29. ERC is familiar with the TCPA, FDCPA and CFDCPA.

30. The frequency and methodology of ERC's calls could reasonably be expected to harass, oppress, annoy, and abuse Simon.

31. The conduct was not only done willfully but was done with the intention of causing Simon such distress, so as to induce him to pay the debt or somehow pay more than he was able to.

32. ERC's intrusion upon Simon's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceed reasonably collection efforts. ERC's conduct was especially unreasonable because it called Simon relentlessly shortly after Simon had explained that he did not have money to pay ERC and expressly revoked consent to be called.

33. Each and every one of ERC's telephone calls caused Simon distraction and temporary loss of use of his telephone line.

34. Each and every one of ERC's telephone calls caused Simon anxiety, annoyance and embarrassment.

35. As a result of ERC's conduct, Simon has sustained actual damages including

but not limited to, stress, anxiety, annoyance, embarrassment, and severe emotional and mental pain, and anguish.

## COUNT I

### ERC's violations of the TCPA, 47 U.S.C. §227

36. Simon incorporates paragraphs fourteen (14) to thirty-six (36) as though the same were set forth at length herein.

37. ERC violated the TCPA. ERC's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, ERC violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions ERC willfully and/or knowingly contacted Simon at Simon's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, ERC knowingly and/or willfully violated the

TCPA.

38. As a result of ERC violations of 47 U.S.C. § 227, Simon is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that ERC knowingly and/or willfully violated the TCPA, Simon is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### ERC's violations of the FDCPA, 15 U.S.C. §1692 *et seq*.

39. Simon incorporates paragraphs fourteen (14) to thirty-six (36) as though the same were set forth at length herein.

40. ERC violated the FDCPA. ERC's violations include, but are not limited to the following:

   a. ERC violated the FDCPA by engaging in conduct of which the natural consequence is to harass, oppress or abuse any person in connection with the collection of the debt.

   b. ERC violated 15 U.S.C. §1692(d)(5) by "causing the telephone to ring repeatedly or continuously with an intent to annoy, abuse or harass any person at the called number."

41. ERC's acts, as described above, were done knowingly and willfully.

42. As a result of the foregoing violations of the FDCPA, ERC is liable to Simon for actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

**ERC's violations of the CFDCPA, Colo. Rev. Stat. §5-16-101** *et seq*.

43. Simon incorporates paragraphs fourteen (14) to thirty-six (36) as though the same were set forth at length herein.

44. ERC violated the CFDCPA. ERC's violations include, but are not limited to the following:

   a. ERC violated §5-16-105(1) by communicating with Simon without his consent in a manner known or which should be known to be inconvenient to Simon;

   b. ERC violated §5-16-106(1) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   c. ERC violated §5-16-106(1)(e) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number; and

   d. ERC violated §5-16-108(1), which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

45. As a result of the foregoing violations of the CFDCPA, ERC is liable to

Simon for actual damages, statutory damages, and attorney's fees and costs.

## COUNT IV

### ERC's Invasion of Simon's Privacy

46. Simon incorporates paragraphs fourteen (14) to thirty-six (36) as though the same were set forth at length herein.

47. Restatement of the Law, Second, Torts, § 652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

48. ERC violated Simon's privacy. ERC's violations include, but are not limited to, the following:

   a. ERC intentionally intruded, physically or otherwise, upon Simon's solitude and seclusion by engaging in harassing phone calls in an attempt to collect an alleged debt despite having requested that ERC stop calling him.

   b. The number and frequency of the telephone calls to Simon by ERC constitute an intrusion on Simon's privacy and solitude.

   c. ERC's conduct would be highly offensive to a reasonable person as Simon received calls that caused distraction and temporary loss of use of his cellular telephone line, anxiety, annoyance and embarrassment.

    d. ERC's acts, as described above, were done intentionally with the purpose of abusing and harassing Simon to pay the alleged debt, or to pay more than Simon would otherwise.

    e. ERC's conduct constitutes abuse and harassment and exceeded reasonable collection efforts.

49. As a result of ERC's violations of Simon's privacy, ERC is liable to Simon for actual damages. If the Court finds that the conduct is found to be egregious, Simon may recover punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Simon hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Simon Lee respectfully requests judgment be entered against Defendant Enhanced Recovery Company, LLC for the following:

    A.    Declaratory judgment that ERC violated the TCPA, FDCPA and CFDCPA;

    B.    Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

    C.    Actual and statutory damages pursuant to 15 U.S.C. 1692k(a);

    D.    Actual and statutory damages pursuant to Colo. Rev. Stat. §5-16-113(1)(a), (b);

    E.    Actual and punitive damages for ERC's intrusion upon Simon's seclusion;

F.      Attorneys' fees and court costs pursuant to 15 U.S.C. §1692k(a)(3), and Colo. Rev. Stat. §5-16-113(1)(c);

G.      Awarding Simon any pre-judgment and post-judgment interest as may be allowed under the law; and

H.      Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 11, 2020

<u>s/ David A. Chami</u>
***David A. Chami***
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
Telephone: (818) 600-5515
E-mail: david@pricelawgroup.com
Attorneys for Plaintiff Simon Lee